Thomas V. Van Flein
Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, AK 99501-3454
(907) 272-9272
(907) 272-9586 fax
usdc-anch-ntc@cplawak.com
Attorneys for Defendants Medtronic, Inc.,
and SpinalGraft Technologies, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CHERYL BOWIE,<br><br>Plaintiff,<br><br>vs.<br><br>MEDTRONIC, INC., REGENERATION TECHNOLOGIES, INC., SPINALGRAFT TECHNOLOGIES, GALEN HOSPITAL ALASKA, INC. d/b/a ALASKA REGIONAL HOSPITAL, and BIOMEDICAL TISSUES SERVICES, LTD.,<br><br>Defendants. | Civil Action No.: _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Medtronic, Inc. and SpinalGraft Technologies, LLC (collectively "Medtronic Defendants") appearing solely for the purpose of filing this Notice and reserving all rights, defenses, exceptions, objections, and claims, and without waiver thereof, hereby remove this action, which has been pending as No. 3AN-08-6079CI in the Superior Court for the State of Alaska, Third Judicial District at Anchorage, to the United States District Court for the District of Alaska. As grounds for this removal, the Medtronic Defendants state as follows:

*Bowie v. Medtronic*, et al.
Page 1 of 13

Case 3:08-cv-00090-TMB   Document 1   Filed 04/18/08   Page 1 of 13

## BACKGROUND

1. Plaintiff Cheryl Bowie filed this action on March 20, 2008, designated No. 3AN-08-6079CI in the Superior Court for the State of Alaska, Third Judicial District at Anchorage ("the "State Court Action"). A copy of the State Court Action Complaint (the "Complaint") is attached hereto as Exhibit "A."

2. Plaintiff Cheryl Bowie alleges in the Complaint that on or about December 22, 2004, she underwent a surgical procedure at Alaska Regional Hospital in which she received allograft that was improperly procured, designed, processed, manufactured, tested, marketed, distributed, and sold by defendants. *See* Compl. ¶¶ 10, 13, 14, 15, 19, 22, 30, 32.

3. Plaintiff additionally alleges that a result of receiving the allograft, she has been injured and that she is at increased risk of contracting infectious diseases. *See* Compl. ¶¶ 34, 36, 37, 48.

4. Plaintiff further alleges that all of the defendants are liable for damages, including punitive damages, under theories of strict liability, negligence, negligent and intentional infliction of emotional distress, and outrage.

5. To date, there are approximately 350 related human tissue actions pending in federal court. In all of these actions, plaintiffs claim to have received transplanted human tissue illegally procured by defendant Biomedical Tissue Services, Ltd. without donor consent or proper screening or testing for infectious disease. Plaintiffs generally allege that as a result of the transplant, they are at increased risk for the development of infectious disease.

*Bowie v. Medtronic*, et al.
Page 2 of 13

-2-

Case 3:08-cv-00090-TMB   Document 1   Filed 04/18/08   Page 2 of 13

6. In an effort to resolve these related matters timely and efficiently, the Federal Judicial Panel on Multidistrict Litigation consolidated these actions in MDL No. 1763, *In Re Human Tissue Products Liability Litigation*, in the United States District Court, District of New Jersey (the "MDL"). This MDL is assigned to United States District Judge William J. Martini and United States Magistrate Judge Mark Falk. Copies of the Initial Transfer Order and Conditional Transfer Order No. 1 are collectively attached hereto as Exhibit "B".

7. All of the roughly 350 pending federal cases have been or are in the process of being transferred to the MDL. At least 101 of these cases were removed from state court.

## DIVERSITY JURISDICTION – COMPLETE DIVERSITY

8. This Court has subject matter jurisdiction over this action and all claims asserted herein under 28 U.S.C. § 1332(a).

9. Pursuant to 28 U.S.C. § 1332(a), federal courts have original jurisdiction over all civil actions where the action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

10. This action is between citizens of different states in that the properly joined defendants and plaintiff are citizens of different states.

11. Plaintiff is a citizen of the state of Alaska. *See* Compl. ¶ 1.

*Bowie v. Medtronic*, et al.
Page 3 of 13

-3-

Case 3:08-cv-00090-TMB   Document 1   Filed 04/18/08   Page 3 of 13

12. Defendant Medtronic, Inc. is a corporation organized under the laws of Minnesota, with its principal place of business in Minnesota. *Cf.* Compl. ¶ 2 (foreign corporation).

13. Defendant Regeneration Technologies, Inc. ("RTI") is a corporation organized under the laws of Delaware, with its principal place of business in Florida. *Cf.* Compl. ¶ 3 (foreign corporation).

14. Defendant SpinalGraft Technologies, LLC ("SGT") is a limited liability corporation organized under the laws of Tennessee with its principal place of business in Tennessee. *Cf.* Compl. ¶ 4 (foreign corporation).

15. Defendant BioMedical Tissue Services, Ltd. ("BTS") is a business entity organized under the laws of New Jersey with its principal place of business in New Jersey. *Cf.* Compl. ¶ 6 (foreign corporation).

16. Upon information and belief defendant Galen Hospital Alaska ("GHA") d/b/a Alaska Regional Hospital is organized under the laws of Delaware with its principal place of business in Tennessee. *See* 2008 GHA Biennial Report, a true and correct copy of which is attached hereto as Exhibit "C"; *see also* State of Alaska, Dep't of Econ. & Cmty. Affairs, Div. of Corps., available at https://myalaska.state.ak.us/business/soskb/Corp.asp?238473, relevant portions of which are attached hereto collectively as Exhibit "D"; *cf.* Compl. at ¶ 5 (GHA is a foreign corporation).

*Bowie v. Medtronic*, et al.
Page 4 of 13

-4-

Case 3:08-cv-00090-TMB   Document 1   Filed 04/18/08   Page 4 of 13

17. To the extent that defendant GHA could be considered a citizen of the state of Alaska, the residency of GHA, the only defendant which plaintiff alleges is a citizen of the same state as plaintiff, should not be considered for the purposes of removal because it has been improperly joined in this action.

18. According to the Ninth Circuit, "[j]oinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises,* 236 F.3d 1061, 1067 (9th Cir. 2001) (*quoting McCabe v. Gen. Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir. 1987) (failure to state cause of action against non-diverse defendants renders their joinder a sham)); *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318 (9th Cir. 1998) (removal proper notwithstanding inclusion of fraudulently-joined non-diverse defendants); *Aronis v. Merk & Co., Inc.,* No. S-05-0486, 2005 WL 5518485 at *1 (E.D. Cal. 2005) (action transferred to federal multi-district litigation after pharmaceutical distributor determined fraudulently joined because of plaintiff's failure to allege causation between injury and specific defendant). *Accord, United Computer Systems, Inc. v. AT&T Corp.,* 298 F.3d 756, 761 (9th Cir. 2002) (citizenship of fraudulently joined defendant irrelevant for diversity purposes); *In re Phenylpropanolamine (PPA) Products Liability Litig.,* MDL No. 1407, Docket No. C02-423R, Slip. Op. at 3 (W.D. Wash. Nov. 27, 2002) (denying plaintiffs' remand motion after finding resident defendant retailer fraudulently joined).

19. To determine the existence of fraudulent joinder, a court must look to the plaintiff's pleadings at the time of removal, *see Ritchey,* 139 F.3d at 1318; *Kruso v. Int'l Tel. &*

Bowie v. Medtronic, et al.
Page 5 of 13

-5-

Case 3:08-cv-00090-TMB   Document 1   Filed 04/18/08   Page 5 of 13

*Tel. Corp.*, 872 F.2d 1416, 1426 n.12 (9th Cir. 1989); however, "[t]he defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." *McCabe*, 811 F.2d at 1339, *quoted in Morris*, 236 F.3d at 1067.

20. In this litigation, plaintiff fails to state a cause of action against the alleged resident defendant according to the settled rules of Alaska because she has not and cannot make specific factual allegations against the hospital which would support her claims. *See Smith v. Brenckle*, No. S-10470, 2003 WL 22118388 at * 1 (Alaska Sept. 10, 2003) (lack of specific factual allegations in complaint warrants dismissal of action against defendants); *Dworkin v. First Nat'l Bank of Fairbanks*, 444 P.2d 777, 780 (Alaska 1968) (inadequate statement of basis for claim requires dismissal). *Accord, TPS Ultilicom Servs. v. A T & T Corp.*, 223 F. Supp.2d 1089, 1103 (C.D. Cal. 2002) (fraudulent joinder of resident defendants where complaint contains no allegation of factual basis for claim).

21. Plaintiff appears to allege the following causes of action against GHA that cannot be established: negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, outrage, strict liability, and punitive damages.

    a. Negligence

22. Plaintiff has no negligence claim against GHA. Plaintiff alleges that "Defendants", including GHA, failed to detect defects in the allograft, failed to obtain donor consent, and acted negligently, with reckless disregard to plaintiff and in an outrageous manner. Compl. ¶¶ 22, 27, 49, 50, 51. To establish negligence, however, plaintiffs must show that GHA breached the applicable standard of care. *E.g., Leigh v. Lundquist*, 540 P.2d 492, 494 (Alaska

*Bowie v. Medtronic*, et al.
Page 6 of 13

-6-

Case 3:08-cv-00090-TMB   Document 1   Filed 04/18/08   Page 6 of 13

1975); *Larman v. Kodiak Elec. Assoc.*, 514 P.2d 1275, 1279 (Alaska 1973). Plaintiff refers to the defendants collectively and does not distinguish the actions of GHA, a health care provider, from those of other defendants – the tissue recovery agent, the allograft processor and the allograft distributor. The alleged negligent acts set forth in the Complaint are acts that a health care provider has no opportunity to perform regarding the provision of human tissue for implantation. Each tissue received by GHA carried a certification indicating that the tissue had been properly screened and tested before leaving the vendor. No tissue could be implanted without this certification. Because GHA had no opportunity to monitor the actual screening and testing performed by its tissue suppliers, it could not have breached the applicable standard of care. Specifically, plaintiff's cause of action for negligence is barred as to GHA because the Complaint does not allege facts sufficient to apprise this hospital defendant of the basis upon which plaintiffs seek relief. *See Smith v. Brenckle*, 2003 WL 22118388 at * 1; *Dworkin*, 444 P.2d at 780. Conclusory allegations that the "[d]efendants acted negligently" (Compl. ¶ 51) without sufficient supporting facts regarding GHA are untenable under Alaska law. *Id.*

b. <u>Negligent Infliction of Emotional Distress</u>

23. Plaintiff has no claim for negligent infliction of emotional distress against GHA for the same reasons that she cannot maintain a negligence claim against the hospital. GHA had no opportunity to monitor the screening and testing performed by its tissue suppliers and accordingly could not have breached the standard of care necessary to negligently inflict emotional distress based upon the implantation of human tissue. Plaintiff's collective reference to the "Defendants" without specific allegations regarding the hospital is insufficient to establish

*Bowie v. Medtronic*, et al.
Page 7 of 13

-7-

Case 3:08-cv-00090-TMB   Document 1   Filed 04/18/08   Page 7 of 13

a cause of action for negligent infliction of emotional distress as to GHA. The Medtronic Defendants incorporate by reference herein ¶ 22, *supra.*

c. Intentional Infliction of Emotional Distress and Outrage

24. Plaintiff has no claim for intentional infliction of emotional distress and outrage against GHA for the same reasons that she cannot maintain a negligence claim against the hospital. GHA had no opportunity to monitor the screening and testing performed by its tissue suppliers and accordingly could not have committed the intentional acts necessary to intentionally inflict emotional distress or outrage based upon the implantation of human tissue. Plaintiff's collective reference to the "Defendants" without specific allegations regarding the hospital is insufficient to establish a cause of action for intentional infliction of emotional distress or outrage as to GHA. The Medtronic Defendants incorporate by reference herein ¶ 22, *supra.*

d. Strict Liability

25. Plaintiff cannot proceed under a theory of strict products liability against GHA in that the provision of human blood, blood plasma, or other human tissue or organs from a blood bank or reservoir of tissue or organs is not considered a commodity subject to sale or barter, but rather a medical service, pursuant to Alaska Stat. § 45.02.316(e). Strict liability claims are specifically precluded with respect to the provision of human blood, blood plasma, or other human tissue or organs under Alaska Stat. § 45.02.316(e). *Accord, Roe v. Miles Labs., Inc.,* 740 F.Supp. 740, 742 (D. Alaska 1989).

*Bowie v. Medtronic,* et al.
Page 8 of 13

-8-

Case 3:08-cv-00090-TMB   Document 1   Filed 04/18/08   Page 8 of 13

e. <u>Punitive Damages</u>

26. A claim for punitive damages is a request for relief based upon a viable underlying cause of action and is not itself a cognizable cause of action under Alaska law. *See, e.g., Great Divide Ins. Co. v. Carpenter,* 79 P.3d 599, 611-12 (Alaska 2003). Plaintiff does not state a claim as to GHA for punitive damages for the same reasons that she cannot maintain an action for intentional infliction of emotional distress and outrage. GHA had no opportunity to monitor the screening and testing performed by its tissue suppliers and accordingly could not have acted in a manner requiring imposition of punitive damages as described in Alaska Stat. § 09.17.020 based upon the implantation of human tissue. Plaintiff's collective reference to the "Defendants" without specific allegations regarding the hospital is insufficient to establish a claim for punitive damages against GHA. The Medtronic Defendants incorporate by reference herein ¶ 22, *supra.*

27. This Court has subject matter jurisdiction over this action and all claims asserted against the defendants pursuant to 28 U.S.C. § 1332(a).

28. Because this Court has subject matter jurisdiction over this action, removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441.

## **VENUE**

29. Venue is proper in this Court pursuant to 28 U.S.C. §§ 81A and 1441(a), because the United States District Court for the District of Alaska is the federal judicial district

*Bowie v. Medtronic*, et al.
Page 9 of 13

-9-

Case 3:08-cv-00090-TMB   Document 1   Filed 04/18/08   Page 9 of 13

embracing the Superior Court for the State of Alaska, Third Judicial District at Anchorage, where the State Court Action was originally filed.

## TIMELY FILING

30. This Notice of Removal is timely filed in compliance with 28 U.S.C. § 1446(b), because it is filed within thirty days after March 26, 2008, when the Medtronic Defendants received service of the Summons and Complaint in the State Court Action.

## AMOUNT IN CONTROVERSY

31. Plaintiff demands damages in the Complaint in excess of $100,000.00. *See* Compl. ¶¶ 52, p. 7 (*ad damnum* clause). The amount in controversy thus exceeds $75,000 exclusive of interest and costs, and the jurisdictional amount in controversy requirement of 28 U.S.C. § 1332(a) is therefore satisfied.

## CONSENT OF PROPERLY JOINED AND SERVED DEFENDANTS

32. Upon information and belief, defendant BTS has not been served with a summons and complaint in the State Court Action and therefore need not consent to this removal as no affidavit of service or entry of appearance or answer by this defendant has been filed. See State Court Action Docket No. 3AN-08-6079CI. A true and correct copy of the Superior Court for the State of Alaska, Third Judicial District at Anchorage, Docket No. 3AN-08-6079CI, Bowie v. Medtronic, et al., as well as the entire state court record and civil cover sheet are attached hereto as Exhibit "A," pp. 1-16, the provision of which is required pursuant to D. AK. L. R. 3.1.

*Bowie v. Medtronic*, et al.
Page 10 of 13

-10-

Case 3:08-cv-00090-TMB   Document 1   Filed 04/18/08   Page 10 of 13

33. Defendant RTI, which was served with a Summons and Complaint in the State Court Action on or about March 31, 2008, consents to removal. A true and correct copy of a letter of consent from RTI's national counsel, Denise H. Houghton, is attached hereto as Exhibit "E".

34. Defendant GHA, which was served with a Summons and Complaint in the State Court Action on or about March 28, 2008, consents to removal, although a Consent to Removal is not required from Defendant GHA to the extent that it has been improperly joined in this action. *See United Computer Sys., Inc.,* 298 F.3d at 762 (removing defendant need not obtain consent of parties who have been fraudulently joined). A true and correct copy of the Consent to be filed with this Court by GHA is attached hereto as Exhibit "F".

## PROCEDURAL REQUIREMENTS

35. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served upon the Medtronic Defendants in the State Court Action are collectively attached to this Notice as Exhibit "A", pp. 4, 6, 10-16.

36. Pursuant to 28 U.S.C. § 1446(d), the Medtronic Defendants are filing this Notice of Removal with this Court, serving a copy of this Notice upon plaintiff's counsel and filing a copy in the Superior Court for the State of Alaska, Third Judicial District at Anchorage.

37. Because 28 U.S.C. § 1332(a) confers federal subject matter jurisdiction over this action, removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441.

*Bowie v. Medtronic,* et al.
Page 11 of 13

-11-

Case 3:08-cv-00090-TMB   Document 1   Filed 04/18/08   Page 11 of 13

38. The Medtronic Defendants reserve the right to submit evidence supporting this Notice of Removal should plaintiff move to remand.

WHEREFORE, for the reasons set forth above, defendants Medtronic, Inc. and SpinalGraft Technologies, L.L.C. request that this Court assume full jurisdiction over this action as provided by law.

**MEDTRONIC DEFENDANTS DEMAND TRIAL BY JURY.**

The Medtronic Defendants demand a jury trial as to all issues so triable in the above-captioned case.

Dated: April 16th, 2008

Respectfully submitted,

_____
Thomas V. Van Flein
CLAPP PETERSON VAN FLEIN
TIEMESSEN & THORSNESS, LLC
711 "H" Street, Suite 620
Anchorage, Alaska 99501
Telephone: (907) 272-9272
Facsimile: (907) 272-9586
E-mail:USDC-ANCH-Ntc@cplawak.com

*Attorneys for Defendants Medtronic, Inc., and SpinalGraft Technologies, LLC*

*Bowie v. Medtronic*, et al.
Page 12 of 13

-12-

Case 3:08-cv-00090-TMB   Document 1   Filed 04/18/08   Page 12 of 13

## CERTIFICATE OF SERVICE

I certify that true and correct copies of the Notice of Removal was served upon the counsel and parties whose names appear below by placing the same in the United States first class mail on April 18, 2008:

>   Richard A. Helm
>   Bookman & Helm, LLP
>   471 W. 36th Avenue, Suite 204
>   Anchorage, Alaska 99503
>   *Attorneys for Plaintiff*
>
>   Denise Brinker Bense
>   Denise H. Houghton
>   Richard E. Wegryn, Jr.
>   Cozen O'Connor
>   200 Four Falls Corporate Center
>   Suite 400, PO Box 800
>   West Conshohocken, PA 19428
>   *Attorneys for Defendant Regeneration Technologies, Inc.*
>
>   Biomedical Tissue Services, Ltd.
>   c/o Michael Mastromarino
>   8 Buckingham Road
>   Fort Lee, N.J. 07024
>
>   Timothy Lamb, Esq.
>   1007 W. 3rd Ave., Suite 400
>   Anchorage, Alaska 99501
>   *Attorney for Galen Hospital*

/s/ Nicole Knight

With copies to:

Murray S. Levin
Anthony C.H. Vale
Terri W. Teitelbaum
PEPPER HAMILTON LLP
3000 Two Logan Square
18th & Arch Streets

*Bowie v. Medtronic*, et al.
Page 13 of 14