3AN-08-06079CI
Bowie, Cheryl vs. Medtronic Inc
Superior Court Civil

# CIVIL

IN THE

## TRIAL COURTS

OF THE

## STATE OF ALASKA

| PLAINTIFF'S ATTORNEY | | | DEFENDANT'S ATTORNEY | |
|---|---|---|---|---|
| MASTER ASSIGNED | DATE ASSIGNED | DATE DISQUALIFIED | BY WHOM DISQUALIFIED | |
| JUDGE ASSIGNED | DATE ASSIGNED | DATE DISQUALIFIED | BY WHOM DISQUALIFIED | |
| Gleason | 3/30/08 | | | |

TYPE OF PROCEEDING

01-08-09-08
08-6079

15764

FILING FEE
RECEIPT # 3314 CCI
INDEXED
OTHER

CV-E-A

RECEIVED BY:
cc Clapp, Peterson, Van Flein,
9:00 Tiemessen & Thorsness, LLC
Date Rec'd/Initials: 4/2/08
8704-2
Distribution: TVF Bulee, CC L

EXHIBIT A
PAGE 1 OF 16

 

IN THE ~~DISTRICT~~ SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

CHERYL BOWIE,

          Plaintiff(s),

vs.

MEDTRONIC, INC., REGENERATION TECHNOLOGIES, INC., SPINALGRAFT TECHNOLOGIES, GALEN HOSPITAL ALASKA, INC. d/b/a ALASKA REGIONAL HOSPITAL and BIOMEDICAL TISSUES SERVICES, LTD.

          Defendant(s).

CASE NO. 3AN- 08-6079 CI

SUMMONS
AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT

To Defendant: **BIOMEDICAL TISSUES SERVICES, LTD.**

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney, **Richard A. Helm of Bookman & Helm**, LLP whose address is: **471 W. 36th Ave., Suite 204, Anchorage, AK 99503**.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

### NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

[X] This case has been assigned to Superior Court Judge _Gleason_

[ ] This case has been assigned to District Court Judge _____

3-20-08
Date

CLERK OF COURT

By: _____
Deputy Clerk

EXHIBIT A
PAGE 2 OF 16

* The State or a state officer or agency named as a defendant has 40 days to file its answer.

CIV-100 ANCH (6/99)(st.3)

Civil Rules 4, 5, 12, 55

IN THE ~~DISTRICT~~ SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

CHERYL BOWIE,

    Plaintiff(s),

vs.

MEDTRONIC, INC., REGENERATION TECHNOLOGIES, INC., SPINALGRAFT TECHNOLOGIES, GALEN HOSPITAL ALASKA, INC. d/b/a ALASKA REGIONAL HOSPITAL and BIOMEDICAL TISSUES SERVICES, LTD.,

    Defendant(s).

CASE NO. 3AN-08-6074CI

SUMMONS
AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT

To Defendant: GALEN HOSPITAL ALASKA, INC., d/b/a ALASKA REGIONAL HOSPITAL

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney, Richard Helm of Bookman & Helm, LLP whose address is: 471 W. 36th Ave., Suite 204, Anchorage, AK 99503.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

## NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

[X] This case has been assigned to Superior Court Judge Gleason

[ ] This case has been assigned to District Court Judge _____

Date: 3-20-08

CLERK OF COURT

By: _____
    Deputy Clerk

EXHIBIT A
PAGE 3 OF 16

* The State or a state officer or agency named as a defendant has 40 days to file its answer.

Civil Rules 4, 5, 12, 55

CIV-100 ANCH (6/99)(st.3)
SUMMONS

IN THE ~~DISTRICT~~/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

CHERYL BOWIE, )
 )
                Plaintiff(s), )
 )
vs. )
MEDTRONIC, INC., REGENERATION )
TECHNOLOGIES, INC., SPINALGRAFT )
TECHNOLOGIES, GALEN HOSPITAL ALASKA, )
INC. d/b/a ALASKA REGIONAL HOSPITAL, )
and BIOMEDICAL TISSUES SERVICES, LTD. )
                Defendant(s). )

CASE NO. 3AN- 08- 6079 CI

SUMMONS
AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT

To Defendant: SPINALGRAFT TECHNOLOGIES

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney, Richard Helm of Bookman & Helm, LLP whose address is: 471 W. 36th Ave., Suite 204, Anchorage, AK 99503.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

[X] This case has been assigned to Superior Court Judge _Gleason_.

[ ] This case has been assigned to District Court Judge _____.

CLERK OF COURT

3-20-08
Date

By: _____
Deputy Clerk

EXHIBIT A
PAGE 4 OF 16

* The State or a state officer or agency named as a defendant has 40 days to file its answer.

CIV-100 ANCH (6/99)(st.3)
SUMMONS

Civil Rules 4, 5, 12, 55

IN THE ~~DISTRICT~~ SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

CHERYL BOWIE, )
 )
                   Plaintiff(s), )
 )
vs. )
MEDTRONIC, INC., REGENERATION )
TECHNOLOGIES, INC., SPINALGRAFT )
TECHNOLOGIES, GALEN HOSPITAL ALASKA, )
INC. d/b/a ALASKA REGIONAL HOSPITAL, ) CASE NO. 3AN- 08-6079C1
and BIOMEDICAL TISSUES SERVICES, LTD. )
                   Defendant(s). )
 )

SUMMONS
AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT

To Defendant: REGENERATION TECHNOLOGIES, INC.

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney, Richard Helm of Bookman & Helm, LLP whose address is: 471 W. 36th Ave., Suite 204, Anchorage, AK 99503.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

[X] This case has been assigned to Superior Court Judge Gleason

[ ] This case has been assigned to District Court Judge _____

CLERK OF COURT

3-20-08
Date

By: _____
Deputy Clerk

EXHIBIT A
PAGE 5 OF 16

* The State or a state officer or agency named as a defendant has 40 days to file its answer.

CIV-100 ANCH (6/99)(st.3)
SUMMONS

Civil Rules 4, 5, 12, 55

IN THE ~~DISTRICT~~ SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

CHERYL BOWIE,

                   Plaintiff(s),

vs.

MEDTRONIC, INC., REGENERATION
TECHNOLOGIES, INC., SPINALGRAFT
TECHNOLOGIES, GALEN HOSPITAL ALASKA,
INC. d/b/a ALASKA REGIONAL HOSPITAL,
and BIOMEDICAL TISSUES
SERVICES, LTD.,
                   Defendant(s).

CASE NO. 3AN-08-6029 CI

SUMMONS
AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT

To Defendant: MEDTRONIC, INC.

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney, Richard Helm of Bookman & Helm, LLP whose address is: 471 W. 36th Ave., Suite 204, Anchorage, AK 99503.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

[X] This case has been assigned to Superior Court Judge _Gleason_

[ ] This case has been assigned to District Court Judge _____

3-20-08
Date

CLERK OF COURT

By: _____
Deputy Clerk

EXHIBIT A
PAGE 6 OF 16

* The State or a state officer or agency named as a defendant has 40 days to file its answer.

Civil Rules 4, 5, 12, 55

CIV-100 ANCH (6/99)(st.3)
SUMMONS

 

COUNSEL OF RECORD

KEEP ON TOP OF FILE

CASE NO. 3AN-08-6074 CI

| NAME | MAILING ADDRESS & PHONE NUMBER | FOR WHOM |
|---|---|---|
| Richard A. Helm, Esq.<br>Bookman & Helm, LLP | 471 W. 36th Ave., Suite 204<br>Anchorage, AK 99503  865-0800 | Plaintiff |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

TF-900 (3/00)(5 ½ X 8 ½)(canary cdsk)

Other Negligence:
- [ ] Personal Injury Only (CISPIO)
- [ ] Property Damage Only (CISPDO)
- [ ] Both (CISIDO)

**MALPRACTICE**
- [ ] Legal Malpractice (CISLMP)
- [x] Medical Malpractice (CISMMP)
- [ ] Other Malpractice (CISOMP)

**REAL PROPERTY**
- [ ] Foreclosure (CISFOR)
- [ ] Condemnation (CISCNDM)
- [ ] Real Property Action (CISREM)

**OTHER CIVIL**
- [ ] Arbitration Proceeding (CISAP)
- [ ] Confession of Judgment (CISCCONF)
- [ ] Declaratory Judgment/Injunc. Relief (CISINJ)
- [ ] OSC Request – Admin Agency (CIOSC)
- [ ] Civil Bench Warrant Request – Admin Agency (CIBW)
- [ ] Writ of Habeas Corpus (CIWHC)
- [ ] Election Contest or Recount Appeal (CISELE)
- [ ] Other Civil Complaint (CISOCI). Describe:

**LEGAL SEPARATION**
- [ ] Legal Separation With Children (CICLS)
- [ ] Legal Separation Without Children (CISLS)

**DOMESTIC RELATIONS OTHER**
- [ ] Ex Parte Application for OSC for Failure to Comply with Admin Order for Genetic Testing (CIOSCP)
- [ ] Action to Modify or Enforce Administrative Child Support Order (CIPCS)
- [ ] Petition for Order re: PFD or Native Dividend (CIPND)
- [ ] Establishment of Paternity (CISPAT)
- [ ] Disestablishment of Paternity (CIDPAT)
- [ ] Foreign Custody Order (Registration, Modification or Enforcement) (DR483)
- [ ] Foreign Support Order (Registration, Modification or Enforcement) (CIUIFSA)
- [ ] Registration of Foreign Domestic Relations Order (Not Support or Custody) (CIDRFJ)
- [ ] Petition for Annulment (CIANNUL)
- [ ] Petition for Visitation (CIVIS)

EXHIBIT A
PAGE 7 OF 16

Page 1 of 2

CIV-125S (CourtView version) (3/05)(cs duplex)
SUPERIOR COURT

CASE DESCRIPTION – SUPERIOR COURT     Case Number: __3AN-08-[____] CI__

Check the box that best describes the case. Mark **one** box only. For district court cases, use form CIV-125D.

## SUPERIOR COURT MATTERS

### CIVIL – SUPERIOR COURT

**CONTRACT** – *Contract cases involving real property should be reported under the real property category.*
- ☐ Debt Collection (CISDEB)
- ☐ Claim Against Seller of Goods/Services (CISCLAIM)
- ☐ Employment Dispute (CISEMP)
- ☐ Other Contract (CISOCT)

**TORT**
- ☐ Intentional Tort (e.g., assault, battery, vandalism) (CISIT)
- ☐ Slander/Libel/Defamation (CISSLD)
- ☐ Product Liability (CISPL)
- ☐ Wrongful Death (CISPID)

Automobile Negligence:
- ☐ Personal Injury Only (CISPIA)
- ☐ Property Damage Only (CISPDA)
- ☐ Both (CISIDA)

Other Negligence:
- ☐ Personal Injury Only (CISPIO)
- ☐ Property Damage Only (CISPDO)
- ☐ Both (CISIDO)

**MALPRACTICE**
- ☐ Legal Malpractice (CISLMP)
- ☒ Medical Malpractice (CISMMP)
- ☐ Other Malpractice (CISOMP)

**REAL PROPERTY**
- ☐ Foreclosure (CISFOR)
- ☐ Condemnation (CISCNDM)
- ☐ Real Property Action (CISREM)

**OTHER CIVIL**
- ☐ Arbitration Proceeding (CISAP)
- ☐ Confession of Judgment (CISCCONF)
- ☐ Declaratory Judgment/Injunc. Relief (CISINJ)
- ☐ OSC Request – Admin Agency (CIOSC)
- ☐ Civil Bench Warrant Request – Admin Agency (CIBW)
- ☐ Writ of Habeas Corpus (CIWHC)
- ☐ Election Contest or Recount Appeal (CISELE)
- ☐ Other Civil Complaint (CISOCI). Describe:

### FORCIBLE ENTRY AND DETAINER – SUPERIOR COURT
- ☐ Eviction – F.E.D. (CISFED)

### FOREIGN JUDGMENT – SUPERIOR COURT
- ☐ Registration of Foreign Judgment (CISFOJ)

### POST-CONVICTION RELIEF TO SUPERIOR COURT
- ☐ Post-Conviction Relief (CISPCR)

## DOMESTIC RELATIONS

### DIVORCE WITHOUT CHILDREN
- ☐ Divorce Without Children (CISDIV)

### DIVORCE OR CUSTODY WITH CHILDREN
- ☐ Petition for Custody (CISCUS)
- ☐ Divorce With Children (CISDVC)

### LEGAL SEPARATION
- ☐ Legal Separation With Children (CICLS)
- ☐ Legal Separation Without Children (CISLS)

### DOMESTIC RELATIONS OTHER
- ☐ Ex Parte Application for OSC for Failure to Comply with Admin Order for Genetic Testing (CIOSCP)
- ☐ Action to Modify or Enforce Administrative Child Support Order (CIPCS)
- ☐ Petition for Order re: PFD or Native Dividend (CIPND)
- ☐ Establishment of Paternity (CISPAT)
- ☐ Disestablishment of Paternity (CIDPAT)
- ☐ Foreign Custody Order (Registration, Modification or Enforcement) (DR483)
- ☐ Foreign Support Order (Registration, Modification or Enforcement) (CIUIFSA)
- ☐ Registration of Foreign Domestic Relations Order (Not Support or Custody) (CIDRFJ)
- ☐ Petition for Annulment (CIANNUL)
- ☐ Petition for Visitation (CIVIS)

EXHIBIT __A__
PAGE __8__ OF __16__

Page 1 of 2

CIV-125S (CourtView version) (3/05)(cs duplex)
CASE DESCRIPTION FORM – SUPERIOR COURT

## SUPERIOR COURT MATTERS

### SUPERIOR COURT MISCELLANEOUS PETITION

☐ Other Superior Court Petition (CISPET).
   Describe: _____

### APPEAL & REVIEW MATTERS IN THE SUPERIOR COURT

#### ADMINISTRATIVE AGENCY APPEAL

☐ DMV Appeal (CIADDMV)
☐ Administrative Agency Appeal (CIADR)
☐ Employment Security Appeal (CIADRESA)

#### APPEAL FROM DISTRICT COURT

☐ Civil or Small Claims Appeal (CIACI)
☐ Criminal Merit Appeal (CIACRM)
☐ Criminal Sentence Appeal (CIACRS)
☐ Minor Offense Appeal (CIAMO)

#### PETITION FOR REVIEW OR RELIEF

☐ Petition for Review from Admin. Agency (CIPRA)
☐ Petition for Review from District Court (CIPRD)
☐ Petition for Review from Admin. Agency – AS 44.62.305 (CIPRLF)
☐ CSED License Review Action (CICSED)

EXHIBIT A
PAGE 9 OF 16

CIV-125S (CourtView version) (3/05)(cs duplex)
CASE DESCRIPTION FORM – SUPERIOR COURT

Page 2 of 2

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

CHERYL BOWIE, )
)
    Plaintiff, )
)
vs. )
)
MEDTRONIC, INC., REGENERATION )
TECHNOLOGIES, INC., SPINALGRAFT )
TECHNOLOGIES, GALEN HOSPITAL )
ALASKA, INC. d/b/a ALASKA REGIONAL )
HOSPITAL, and BIOMEDICAL TISSUES )
SERVICES, LTD., )
)
    Defendants. ) Case No. 3AN-08-_____ CI
)

## COMPLAINT

Plaintiff alleges:

1. Plaintiff, Cheryl Bowie, is a resident of Anchorage, Alaska.

2. Defendant, Medtronic, Inc. ("Medtronic"), is a foreign corporation doing business in Alaska.

3. Defendant, Regeneration Technologies, Inc. ("RTI"), is a foreign corporation doing business in Alaska.

4. Defendant, Spinalgraft Technologies ("SGT"), is a foreign corporation doing business in Alaska.

5. Defendant, Galen Hospital Alaska, Inc., is a foreign corporation doing business in Alaska, with its principal place of business in Alaska, doing business as Alaska Regional Hospital.

6. Defendant, Biomedical Tissues Services, Ltd. ("BTS"), is a foreign corporation doing business in Alaska.

7. An allograft is a human bone or tissue based product obtained from a cadaver and transplanted into a living person for medical reasons.

8. Common types of allograft products are made up using bone, tissue, skin, tendons, heart valves and corneas.

BOOKMAN & HELM, LLP
Attorneys At Law
471 W. 36th Avenue, Suite 204
Anchorage, AK 99503
Telephone: (907) 865-3800
Facsimile: (907) 279-4851

EXHIBIT __A__
PAGE _10_ OF _16_

9. BTS was formed by an oral surgeon, who had lost his oral surgery license, and a master embalmer for the purpose of harvesting human tissue, bones and organs from human corpses for resale to commercial human tissue, bone and organ processors and resellers.

10. Shortly after opening its business, BTS began harvesting tissue and bones from human corpses improperly obtained from various funeral homes and possibly from local city morgues in cases in which the bodies were unclaimed or unidentified.

11. BTS acted as a tissue recovery agent for RTI and Medtronic, providing tissue from cadavers to RTI for processing into allografts. RTI and Medtronic, its parent company, were aware that BTS was not certified by the American Association of Tissue Banks ("AATB") and was not properly licensed as a recognized blood and/or tissue bank.

12. Many of the deceased individuals whose corpses were obtained by BTS never intended to be donors or, if they did, they did not give consent to have their bones removed with the correct authorization, and their families did not authorize the use of their bodies for human bone harvesting or later transplantation.

13. To circumvent obtaining the proper release from the families of the dissected corpses, BTS secretly dissected the bodies, removed the allograft materials and prepared them for burial without notifying family members of the removal. Many such dissections included replacement of harvested bone with foreign objects such as PVC piping and other objects, so that the bodies would appear normal for pending visitations, funeral or post-mortem proceedings.

14. BTS also altered the medical records, death certificates and identities of the corpses to conceal the lifestyle and medical or disease histories, the age of the corpses, as well as how the corpses had been treated following death. Thus, they harvested and sold tissue or bone for implantation from corpses which were not qualified for implantation.

BOOKMAN & HELM, LLP
Attorneys At Law
471 W. 36th Avenue, Suite 204
Anchorage, AK 99503
Telephone: (907) 865-0800
Facsimile: (907) 279-4851

Complaint
*Bowie v. Medtronic, et al.*
Case No. 3AN-08-    CI                    Page 2 of 7

EXHIBIT __A__
PAGE __11__ OF __16__

Case 3:08-cv-00090-TMB   Document 1-2   Filed 04/18/08   Page 11 of 16

15. BTS illegally dissected scores of human corpses harvesting millions of dollars worth of human bones and tissue pursuant to existing contracts and/or relationships with defendants, RTI, Medtronic and SGT, for processing, manufacturing and distribution, throughout the United States.

16. On February 22, 2006, the principals behind BTS were indicted by the Supreme Court of Kings County (Brooklyn), New York for activities related to the issues raised in this complaint.

17. RTI, directly and through its partners, affiliates, agents or servants, holds itself out to the public as a business engaged in the processing, sale, promotion, marketing, harvesting, testing, procurement, preservation and distribution of manufactured products for medical use and implantation in the human body to hospitals, physicians and surgery centers nationwide and specifically in the state of Alaska. RTI markets its allograft products to health care providers and the general public with assurances of safety, fitness and merchantability.

18. RTI stated on its website that "[a]ll donor tissue must meet strict criteria to be released for implantation. In addition to serological and medical screening, high risk behavior is also evaluated. RTI performs multiple reviews, including: Behavior/Lifestyle Risk Assessment; Family/Next of Kin Interview; Medical Record Evaluation/Hospital Records; Medical Examiner/Coroner's Report; Medical/Social History Evaluation."

19. RTI failed to follow its touted required practices and procedures to assure the safety and suitability of its allograft material obtained from BTS and as a result caused nationwide distribution and implantation of illegally obtained and/or improperly processed and manufactured allografts, unsuitable allograft bone implants, including one into plaintiff.

20. The internal procedures of RTI, which are based on industry standards and governmental regulations, require that it ensure that donors meet strict criteria before allografts are obtained and released for implantation. The internal procedures of RTI require that it conduct stringent blood tests, a careful analysis of medical records, medical history, coroner reports and lifestyle screening to determine donor behavior and potential lifestyle risks and an interview with

BOOKMAN & HELM, LLP
Attorneys At Law
471 W. 36th Avenue, Suite 204
Anchorage, AK 99503
Telephone: (907) 865-0800
Facsimile: (907) 279-4851

Complaint
*Bowie v. Medtronic, et al.*
Case No. 3AN-08- CI       Page 3 of 7

EXHIBIT __A__
PAGE _12_ OF _16_

a donor's next of kin or other family members to confirm the overall health and lifestyle of the donor. Also, RTI's protocol and standards require it to confirm the donor or family member's consent to bone and/or tissue removal after death.

21. RTI's sterilization processes were tested and studied only by RTI. The process was never approved by the FDA.

22. All defendants failed to use reasonable scientific procedures to detect any defects in the allograft involved in this case.

23. According to its processing protocol, the Medical Director of RTI will not approve any allograft source until all these procedures have been followed.

24. In its marketing and promotional materials, RTI represented to the public and plaintiff that its products underwent the above-described processes, which it claimed constituted redundant and stringent tissue testing and sterility procedures to ensure product safety and integrity.

25. RTI marketed and promoted that the source of all of the allografts was bone and tissue that had been donated by people upon their death, with the consent of either the deceased or of the deceased's family or loved ones.

26. RTI marketed and promoted that its screening and testing methods exceeded those required by the FDA and AATB.

27. Defendants failed to obtain proper consent from donors in violation of various rules, laws, regulations and industry standards.

28. RTI and Medtronic knew or should have known that BTS was not certified by the AATB and thus, given industry practice standards were on notice to provide even more detailed scrutiny to BTS supplied bone and tissue, paperwork and donor records.

29. Medtronic and RTI formed a joint venture in the early 2000's whereby Medtronic was the primary or sole distributor of RTI allograft products, thus increasing the market for RTI products. Medtronic was to receive up to 75% of all revenue from the sale of RTI allografts, as a commission.

BOOKMAN & HELM, LLP
Attorneys At Law
471 W. 36th Avenue, Suite 204
Anchorage, AK 99503
Telephone: (907) 865-0800
Facsimile: (907) 279-4851

EXHIBIT A
PAGE 13 OF 16

Complaint
Bowie v. Medtronic, et al.
Case No. 3AN-08-      CI

Page 4 of 7

30. Medtronic, in violation of industry standards, governmental regulations, including, but not limited to, their own internal safety and testing procedures and applicable laws, processed, designed, manufactured and distributed allografts from large quantities of bone they acquired from BTS to ARH.

31. Plaintiff and plaintiff's surgeon was not aware that the allograft, later recalled, consisted of stolen or improperly obtained human bone obtained by BTS, RTI and Medtronic, or that RTI and Medtronic failed to follow required safety protocols, applicable governmental law and regulations and/or other industry standards.

32. On December 22, 2004, plaintiff underwent anterior disk excision, osteophyte removal and instrumented anterior fusion with cornerstone allograft and premier instrumentation components, C5-6, C6-7, performed by Dr. Kralick at ARH. This consisted of two allografts, which were sold by ARH. The allografts were supplied by Medtronic or one of its subsidiaries and RTI.

33. Sometime after December 22, 2004, one of the allografts placed in plaintiff was recalled. Plaintiff was not notified of the recall.

34. Plaintiff's recovery following the December 22, 2004 procedure was not good. On April 6, 2006, plaintiff underwent another operation on her cervical spine and it was discovered that one of the allografts had virtually dissolved. At this time, plaintiff was unaware that this allograft had been recalled. This operation was necessitated by the failed allograft.

35. Plaintiff learned that one of her allografts had been recalled in January 2007.

36. On January 30, 2007, plaintiff underwent another extensive operation using both anterior and posterior approaches to repair and correct the damage caused by the failed allograft and by the 2006 surgery which was necessitated by the failed allograft.

37. Plaintiff may have been exposed to HIV-1, HIV-2, AIDS or hepatitis by the recalled allograft and should undergo testing for the rest of her life.

EXHIBIT __A__
PAGE __14__ OF __16__

Complaint
*Bowie v. Medtronic, et al.*
Case No. 3AN-08- CI          Page 5 of 7

38. Plaintiff has experienced emotional distress as a result of learning that a stolen and improperly processed bone was placed in her body.

39. Defendants, Medtronic and RTI, have offered no assistance to plaintiff for her medical care and have not offered to provide testing to her to determine if she has been infected by the allograft.

40. On or about October 14, 2005, RTI issued a voluntary recall of all tissue it received from BTS, "as a result of information regarding the accuracy of donor screening documentation." RTI acknowledged that "a lack of assurance of donor identity as well as the risk of infectious diseases also exists."

41. None of the defendants made an attempt to advise plaintiff of the recall.

42. On or about October 14, 2005, the FDA announced recalls of 21 products containing bone graft allografts sold by RTI, which the FDA classified as a Class 3 recall.

43. None of the defendants made an attempt to advise plaintiff of the FDA recall or that one of the allografts placed in her had been recalled.

44. In early February 2006, following an investigation, the FDA ordered that BTS close its operations.

45. In response to the FDA recall of allograft products harvested by BTS, which were manufactured and distributed by RTI and Medtronic, Medtronic announced a Patient Testing Program, paid for by Medtronic, to conduct laboratory blood tests on patients who had received allografts subject to the recall.

46. Plaintiff was not invited to participate in the laboratory tests, nor was she advised of the tests.

47. Medtronic provided instructions to doctors and patients that it would pay for confidential testing to be conducted at LabCorp or Quest Diagnostics for an initial blood screen for HIV, hepatitis B, hepatitis C and syphilis. Plaintiff was not advised of this.

BOOKMAN & HELM, LLP
Attorneys At Law
471 W. 36th Avenue, Suite 204
Anchorage, AK 99503
Telephone: (907) 855-0800
Facsimile: (907) 279-4851

EXHIBIT A
PAGE 15 OF 16

Complaint
*Bowie v. Medtronic, et al.*
Case No. 3AN-08- CI       Page 6 of 7

48. Plaintiff is at risk that future tests may confirm infections or other illnesses as a result of the implantation of the recalled allograft.

49. The allograft sold to plaintiff by defendants was defective. Defendants are strictly liable for this defective product.

50. Defendants acted with reckless disregard to the plaintiff and such conduct was outrageous.

51. Defendants acted negligently.

52. As a result of the wrongful conduct of defendants, plaintiff has been injured. She has incurred and will incur medical expenses. She has lost income and earning capacity. She has experienced and will experience pain and suffering. She has incurred mental distress as a result of not being able to adequately support her son and has had to rely on her mother.

53. RTI and Medtronic intentionally misrepresented to the public and to plaintiff that the allografts they supplied to plaintiff were properly harvested, treated, tested and were fit for implantation, when they knew or should have known that this was not true.

WHEREFORE, plaintiff asks that she be granted judgment against the defendants and each of them for her damages in an amount in excess of $100,000 to be proved at trial, punitive damages, for her costs, interest and attorneys' fees and for such other relief as the Court may deem just.

DATED at Anchorage, Alaska this ___ day of March, 2008.

BOOKMAN & HELM, LLP
Attorneys for Plaintiff, Cheryl Bowie

By: _____
Richard A. Helm
Alaska Bar # 7011059

BOOKMAN & HELM, LLP
Attorneys At Law
471 W. 36th Avenue, Suite 204
Anchorage, AK 99503
Telephone: (907) 865-0800
Facsimile: (907) 279-4851

Complaint
*Bowie v. Medtronic, et al.*
Case No. 3AN-08-    CI          Page 7 of 7

EXHIBIT __A__
PAGE __16__ OF __16__